UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC D. CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-083 |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Eric D. Clay, represented by counsel, seeks judicial review of the denial of his application for Social Security disability benefits. *See* doc. 1. He has moved for leave to proceed *in forma pauperis*. Doc. 2. Because his application to proceed IFP is incomplete, he must provide additional information consistent with the instructions in this Order.

Clay's IFP application provides relatively little information. *See generally* doc. 2. The omission of any identified employer implies that Clay is unemployed. *Id.* at 1. His omission of responses to several of the form's prompts concerning sources of income, again, implies that he does not receive income from those sources. *Id.* He states that he has no available cash and no money in a checking or savings account. *Id.* at 2.

1

As for his assets, he discloses a "Ford explorer limited edition and a mobile home." *Id.* Clay did not respond to the form's prompts for disclosure of monthly expenses or debts or other financial obligations, implying he has none. *Id.* It is difficult to believe that Clay maintains a vehicle and a mobile home while incurring no expenses. Based on the lack of information, which is unusual given Clay's represented status, the Court is simply unable to determine whether he qualifies to proceed IFP.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

To that end, the Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status.");

information from dubious IFP movants.  *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).  Plaintiff, therefore, must amend his application to proceed IFP, to provide additional information.[2]

Clay is, therefore, **DIRECTED** to file a supplemental application to proceed IFP within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order a copy of

---

*Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").

[2]  A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1).  The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

3

the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Clay is **DIRECTED** to file his supplemental application again using this long form.  In completing the supplemental application, he must answer every question to the best of his ability.  If he lacks the requested information, he should reflect the lack of knowledge in his response and provide his best estimation of the requested amount.  Additionally, Clay's attorney is **DIRECTED** to review the application and ensure all of the requested information is provided.  Failure to comply with this Order may result in a recommendation that Clay's case be dismissed.  *See* Fed. R. Civ. P. 41(b).

    **SO ORDERED,** this 6th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA